**SINNETT LAW, APC.**
Wayne A. Sinnett, Esq. (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff,*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL YANG,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ASSISTED CREDIT SERVICES, INC.; ASSISTED CREDIT SERVICES, LLC.; ASSISTED CREDIT SERVICES,** an unincorporated business, partnership, or association; **CARTER SMITH,** individually and in his official capacity; **MARCY COOK,** individually and in her official capacity,<br><br>Defendants. | **Case No.:** 8:15-CV-2118 AG (JCGx)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The California legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, MICHAEL YANG, ("Plaintiff") brings this class action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the deceptive, unfair, and unlawful actions of ASSISTED CREDIT SERVICES, INC.; ASSISTED CREDIT SERVICES, LLC.; ASSISTED CREDIT SERVICES; CARTER SMITH; and MARCY COOK, (collectively as "Defendants") with regard to Defendants' unlawful debt collection practices that violate state and federal debt collection laws.

4.   Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5.   While many violations are described below with specificity, this complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7.   Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

JURISDICTION AND VENUE

8.   This action arises out of Defendants' violations of: (i) the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

9.   Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

10.  The Court has personal jurisdiction over Defendants as Defendants reside in the State of California, conducts business within the State of California, and have purposefully availed themselves of the laws and markets of the State of California and this district.

11.  Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Orange, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant resides within this judicial district.

**PARTIES**

12.  Plaintiff, MICHAEL YANG, ("Plaintiff") is a natural person who resides in the City of Lake Forrest, County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13.  All named Defendants are collectively referenced as "Defendants" unless otherwise stated.

14.  Defendant, ASSISTED CREDIT SERVICES, INC., is a *suspended* California corporation with a principal place of business in Costa Mesa, California. [*See* Exhibit 2]. On July 2, 2012, the State of California suspended all "powers, rights and privileges" of ASSISTED CREDIT SERVICES, INC. [*Id.*].

15.  Defendant, ASSISTED CREDIT SERVICES, LLC., is *purportedly* a limited liability company with a principal place of business in Costa Mesa, California.

16.  However, Plaintiff, and Plaintiff's licensed private investigator, have found no record of any corporate filing for "Assisted Credit Services, LLC" in an jurisdiction. Plaintiff thereon alleges, on information and belief, that ASSISTED CREDIT SERVICES, LLC. is a fictitious name being used by Defendants in an effort to evade the State's suspension of ASSISTED CREDIT SERVICES, INC.

17.  Defendant, ASSISTED CREDIT SERVICES, is an unincorporated business entity, partnership, or unincorporated association with a principal place of business in Costa Mesa, California. ASSISTED CREDIT SERVICES is also a "unincorporated association" as that term is defined by Cal. Civ. Proc. Code § 369.5 and a "partnership" as that term is defined by Cal. Civ. Proc. Code § 369.5 and Cal. Corp. Code § 16307.

///

18. Plaintiff alleges on information and belief that CARTER SMITH and MARCY COOK are co-owners of ASSISTED CREDIT SERVICES and have jointly agreed to carry out business activities in the name of the entity with the intent to generate profit and share profit and losses as part of a general partnership.

19. Plaintiff alleges on information and belief that Defendant, CARTER SMITH, is a natural person who resides in Newport Beach, California.

20. CARTER SMITH, in the ordinary course of business, regularly, on behalf of himself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

21. Additionally, CARTER SMITH, (1) materially participated in collecting the debt at issue; (2) exercises control over the affairs of the business of all Defendants; (3) was personally involved in the collection of the debt at issue; and/or (4) regularly engages, directly and indirectly, in the collection of debts.

22. Plaintiff alleges on information and belief that Defendant, MARCY COOK, is a natural person who resides in Costa Mesa, California.

23. MARCY COOK, in the ordinary course of business, regularly, on behalf of herself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

24. Additionally, MARCY COOK, (1) materially participated in collecting the debt at issue; (2) exercises control over the affairs of the business of all Defendants; (3) was personally involved in the collection of the debt at issue; and/or (4) regularly engages, directly and indirectly, in the collection of debts.

25. Both CARTER SMITH and MARCY COOK are named in this action in their official capacity and also individually as "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

26. Defendants, in the ordinary course of business, regularly, on behalf of themselves and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and are therefore a "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at they time they were acquired by and/or assigned to Defendants.

27. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

### FACTUAL ALLEGATIONS

28. At all relevant times, Plaintiff was an individual residing within the State of California.

29. At all relevant times, Defendants conducted business in the State of California and within this district.

30. At all relevant times, Defendants acted as a third-party debt collectors collecting, or attempting to collect, debts owed or alleged to be owed another.

31. At all relevant times, Defendants' principal business was the collection of "debts" as that term is defined by 15 U.S.C. § 1692a(5) and Defendants collect, or attempt to collect, such debts on behalf of creditors through the ordinary course of its business. Such debt collection is conducted upon debts or alleged debts that are in default at they time they were acquired by and/or assigned to Defendants.

32. Sometime prior to November 23, 2015, Plaintiff is alleged to have incurred a personal medical debt for medical services alleged to have been provided by "Pacific Thoracic Surgery" (the "Debt"). Plaintiff is alleged to have received said medical services without up-front payment at the time treatment was

rendered. Plaintiff is further alleged to have received said medical services on credit at an interest rate of 1.5%. Thus, the alleged medical services were rendered through a "consumer credit transaction" as that term is defined by Cal. Civ. Code § 1788.2(e).

33. This alleged Debt was incurred primarily for personal, family, or household purposes.

34. On or about November 23, 2015, and after the alleged Debt was in default and subject to debt collection activities, the Debt was placed with Defendants for the sole purpose of debt collection.

35. On or about November 23, 2015, Defendants sent Plaintiff a debt collection letter (the "Letter") demanding payment on the alleged Debt. [*See* Exhibit 1].

36. The Letter was singed by "M. COOK" with the "Legal Department."

37. Plaintiff alleges on information and belief that MARCY COOK. (*i.e.* "M. COOK") drafted, signed, and sent the Letter as a member of Defendants' "Legal Department."  Plaintiff further alleges that MARCY COOK regularly drafts, signs, and sends similar letters in an attempt to collect consumer debts.

38. Plaintiff alleges on information and belief that CARTER SMITH authorized, ratified, approved of, and/or assisted with the preparation of the Letter. Plaintiff further alleges that CARTER SMITH regularly ratifies, approves of, and/or assists with the preparation of similar letters in an attempt to collect consumer debts.

39. Through this conduct MARCY COOK and CARTER SMITH: (i) materially participated in collecting the debt at issue; (ii) exercises control over the affairs of the business of all Defendants; (iii) was personally involved in the collection of the debt at issue; and/or (iv) regularly engages, directly and indirectly, in the collection of debts.

40. The Letter was an "initial communication" as that term is defined by 15 U.S.C. § 1692e(11). The letter fails to disclose that Defendants are a debt

collector, that the Letter is an attempt to collect a debt by a debt collector, or that any information obtained will be used for the purpose of debt collection.

41. Through this conduct, Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose.

42. The Letter was also an "initial communication" as that term is defined by 15 U.S.C. § 1692g.

43. The Letter fails to state the amount of the debt. Thus, Defendants failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

44. Through this conduct, Defendants violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing the amount of the debt.

45. Though this conduct, Defendants also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to send a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, *et seq*. is violation of the RFDCPA; thus, Defendants violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq*.).

46. Because Defendants failed to identify themselves as a debt collectors and include the Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a) in the Letter, Plaintiff, and similarly situated consumers, were unaware that the Letter was a communication from a debt collector and were similarly unaware of their rights as stated in Cal. Civ. Code § 1812.700(a). Specifically, Plaintiff, and others similarly situated, were not aware or advised that: (i) debt collectors cannot contact consumers before 8 a.m or after 9 p.m.; (ii) that debt collectors may not use threats of violence, threats of arrest, or obscene language; (iii) that debt collectors cannot use false or misleading

statements, contact consumers at their place of employment, or discuss a debt with a third party; (iv) *and most importantly*, that consumers could obtain more information or report misconduct of a debt collector to the Federal Trade Commission.

47.   Plaintiff does not allege that Defendants cannot send notices pursuant to Cal. Civ. Code § 1033. Rather, Plaintiff alleges that Defendants' communications to consumers must contain appropriate notices and disclosures as required by state and federal debt collection laws.

## CLASS ALLEGATIONS

48.   Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

49.   Plaintiff defines the "Class" as:

> (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendants; (iii) which was the same or similar to Exhibit 1 of this Complaint; (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the initial Complaint in this action.

50.   Plaintiff defines "Subclass 1" as:

> (i) all persons with addresses within the State of California; (ii) who were sent an initial written communication by Defendants; (iii) which did not contain validation notices as required by 15 U.S.C. § 1692g; (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the initial Complaint in this action.

51.   Plaintiff defines "Subclass 2" as:

> (i) all persons with addresses within the State of California; (ii) who were sent an initial written communication by Defendants; (iii) which did not

contain a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a); (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the initial Complaint in this action.

52. Plaintiff defines "Subclass 3" as:

> (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendants; (iii) which did not contain the notices required by 15 U.S.C. § 1692e(11); (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the initial Complaint in this action.

53. Defendants and their employees and agents are excluded from the Class and Subclasses. Plaintiff's attorney(s), their employees and agents, and any judge, judicial officer, or Court employee assigned to this action are excluded from the Class and Subclasses.

54. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, making joinder of all these actions impracticable.

55. The identities of individual Class members are ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

56. There is a well-defined community of interest in the questions of law and fact affecting the members of the Class.  The questions of law and fact are common to the Class and predominate over questions affecting only individual class members, including but are not limited to, the following:

    a) Whether Defendants violated the FDCPA as described herein;

    b) Whether Defendants violated the RFDCPA as described herein;

    c) Whether members of the Class are entitled to remedies under the FDCPA;

d) Whether members of the Class are entitled to remedies under the RFDCPA;

e) Whether members of the Class are entitled to declaratory relief;

f) Whether members of the Class are entitled to injunctive relief;

g) Whether members of the Class are entitled to an award of reasonable attorney's fees and costs of suit pursuant to the FDPCA;

h) Whether members of the Class are entitled to an award of reasonable attorney's fees and costs of suit pursuant to the RFDPCA;

i) Whether Defendant may satisfy Defendants' affirmative defense of bona fide error with regard to Defendant's violations of the FDCPA; and,

j) Whether Defendant may satisfy Defendants' affirmative defense of bona fide error with regard to Defendant's violations of the RFDCPA.

57. Plaintiff will fairly and adequately protect the interests of the Class.

58. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

59. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

60. A class action is a superior method for the fair and efficient adjudication of this controversy.

61. Class-wide damages are essential to induce Defendants to comply with the federal and state laws alleged in the Complaint.

62. The interests of class members in individually controlling the prosecution of separate claims against Defendants are minimal because the combined maximum statutory damages in an individual action under the FDCPA and the RFDCPA are $2,000.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

///

63. Defendants have acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

64. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via an Internet website.

65. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF**

**THE FAIR DEBT COLLECTION PRACTICES ACT**

**("FDCPA") 15 U.S.C. § 1692 ET SEQ.**

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

68. As a result of each and every violation of the FDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each named Defendant individually.

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF**

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.**

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

///

71.  Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violation of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

72.  As a result of each and every violation of the RFDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c), from each named Defendant individually. In addition, Plaintiff and the members of the class are entitled to an award of statutory damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful collection practices stated herein.
- Any and all other relief that this Court deems just and proper.

Dated: February 18, 2016                    Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

**TRIAL BY JURY**

73.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 18, 2016                    Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF