**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff,*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL YANG,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ASSISTED CREDIT SERVICES, INC.; ASSISTED CREDIT SERVICES, LLC.; ASSISTED CREDIT SERVICES,** an unincorporated business, partnership, or association; **CARTER SMITH**, individually and in his official capacity; **MARCY COOK**, individually and in her official capacity,<br><br>Defendants. | **Case No.:** 8:15-CV-2118 AG (JCGx)<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>DATE:  June 6, 2016<br>TIME:  10:00 AM<br>COURTROOM: 10D<br><br>JUDGE: Hon. Andrew J. Guilford |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks a default judgment that awards Plaintiff and the putative Class statutory damages of $2,000 for each class member who received an unlawful debt collection letter from Defendants during the Class Period. Because of the default and Defendants' willful refusal to participate in a Rule 26(f) conference, there has been no discovery to date, so that total dollar amount is still to be obtained from subsequent post-judgment discovery. Because no discovery has been conducted, Plaintiff is also requesting six (6) months in which to conduct post-judgment discovery.

Plaintiff filed this class action against Defendants alleging violations of The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.* and The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*. Plaintiff's complaint avers that Defendant send him a debt collection letter threatening him with a collection lawsuit and that Defendant's letter failed to include a host of required statutory disclosures. Specifically, Defendants' letter failed to disclose Defendants' status as a debt collector in violation of 15 U.S.C. § 1692e(11); failed to state the amount of the alleged debt in violation of 15 U.S.C. § 1692g(a)(1); and failed to provide a Consumer Collection Notice advising consumers, *inter alia*, that they could report debt collector misconduct to the Federal Trade Commission in violation of Cal. Civ. Code § 1812.700. [*See* First Amended Complaint "FAC" ¶ 34-47]. Plaintiff further avers that Defendants utilize such unlawful debt collection letters in the ordinary course of business resulting in hundreds, if not thousands, of consumers being subjected to such unlawful debt collection practices. [FAC ¶ 13-26, 54].

Despite properly serving all Defendants, and Plaintiff's counsel attempting to contact Defendants on **nineteen (19) separate occasions**, Defendants have knowingly refused to answer the Court's Summons and have similarly refused to

respond to this action. Plaintiff obtained Defendant's default, and now has no other alternative but to seek a default judgment.

## II. STATEMENT OF FACTS

Plaintiff filed his initial Class Action Complaint naming Defendant, ASSISTED CREDIT SERVICES, INC., ("ACS, INC.") on December 20, 2015. [ECF No. 1]. The Complaint was served on CARTER SMITH, president of ACS, INC., on December 22, 2015. [ECF No. 8]. On December 23, 2015, the Court issued an Order regarding pretrial matters which ordered the parties to conduct a Rule 26(f) conference. [ECF No. 9]. Plaintiff's counsel spoke with Defendants on numerous instances but Defendants adamantly refused to respond to the Court's Summons or conduct a Rule 26(f) conference. [Declaration of Wayne A. Sinnett "Sinnett Decl." ¶ 7-26].

On February 18, 2016, Plaintiff filed his First Amended Complaint ("FAC") adding Defendants, ASSISTED CREDIT SERVICES, LLC. ("ACS LLC"); ASSISTED CREDIT SERVICES ("ACS"); CARTER SMITH, individually and in his official capacity; and MARCY COOK, individually and in her official capacity, (collectively as "Defendants"). All Defendants were properly served with the Summons and FAC by a registered process server. [Sinnett Decl. at ¶ 7-26].

Plaintiff's counsel has communicated with Defendants by phone, email and written correspondence on **nineteen (19) occasions** and Defendants have knowingly refused to respond to the Court's Summons or participate in this action in any way. [Sinnett Decl. at ¶ 7-26]. Defendants have also engaged in similar conduct in another FDCPA action currently pending before this court. See *Baeza v. Assisted Credit Services, Inc*. No. 15-CV-01451-ODW-JCG, (C.D. Cal. September 9, 2015).

Defendants failed to respond to the FAC and the Court entered default on or before April 28, 2016. [ECF No. 23, 26]. Plaintiff filed a Motion for Class

1  Certification on April 28, 2016 (ECF No. 27) and the present motion requesting a
2  default judgment for the Class followed.

### III. NATURE OF THE ACTION

The FDCPA was enacted in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). With the FDCPA Congress also sought to "promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). California took such action by passing the RFDCPA opining that protecting consumers from unfair and deceptive debt collection practices was "essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1. However, reigning in abusive debt collection practices wasn't just for the benefit of consumers, Congress also sought to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Thus, unlawful debt collection practices such as Defendants' not only harms consumers but also other honest debt collectors who comply with state and federal collection laws.

The specific statutory provisions at issue here, 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692g, and Cal. Civ. Code § 1812.700, are central to the legislative intent and purpose of both the FDCPA and RFDCPA because they deal with the disclosure of the Defendants status as a debt collector and consumers being advised of applicable statutory protections. Congress even went so far as to state that Section 1692g was considered to be a "significant feature" of the of the FDCPA designed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. REP. 95-382, 4, 1977 U.S.C.C.A.N. 1695, 1699.

The statutory disclosure requirements of the FDCPA are essential as they ensure "that consumers are fully and truthfully apprised of the facts and of their

rights" which "enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1122 (9th Cir. 2014); citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). The failure of a debt collector to disclose its status and advise consumers of their rights, as Defendants have done here, "frustrate[s] a consumer's ability to intelligently choose his or her response" because they cannot invoke rights they do not know exist. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010).

Last, the FDCPA is a strict liability statute and claims are adjudicated on an *objective* "least sophisticated standard." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008).

## IV. LEGAL STANDARD

Under to Rule 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. After default has been entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Entry of default judgment is completely at the discretion of the trial court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Although default judgment may be entered on the papers alone, if the court believes more information is necessary to ascertain damages, it may call for a hearing on the matter. *Pope v. United States*, 323 U.S. 1, 12 (1944).

In determining whether default judgment is appropriate, courts utilize the following *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong

policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

In applying these *Eitel* factors, the factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977). A review of these factors reveals that default judgment should be granted, pending only a supplemental hearing on the exact amount of the number of Class Members and, thus, the amount of statutory damages.

### V. ARGUMENT

**A. IF DEFAULT JUDGEMENT WERE DENIED THE PREJUDICE TO PLAINTIFF WOULD BE SIGNIFICANT**

Under the first *Eitel* factor, a plaintiff is prejudiced if they would be denied the right to judicial resolution of their claims in the absence of default judgment. *Elektra Entertainment Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005). That is certainly the case here, as Plaintiff has no recourse other than judgment by default. Without a default judgment to resolve his claims, Plaintiff would receive no possibility of compensation from Defendants for their FDCPA and RFDCPA violations.

The Class would suffer the same prejudice because without entry of a conditional default judgment in this matter, the Class will receive absolutely no relief for Defendants' unlawful acts. Truly, the prejudice would lie wholly with Plaintiff and the class members. Plaintiff and the putative class have no other means to resolve their claims absent a default judgment.

**B. PLAINTIFF'S CLAIM IS MERITORIOUS AND SUFFICIENTLY PLEAD**

"In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA. *Mannello v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT                                    PAGE 6 OF 12

1 *Residential Credit Sols., Inc.*, No. 215CV07674CASAJW, 2016 WL 94236, at *4 (C.D. Cal. Jan. 7, 2016); citing *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). The elements are same same for claims brought under the RFDCPA. *Id*.

Plaintiff has adequately alleged that he is a "consumer" (FAC ¶ 12, 27, 32) and that Defendants engaged in conduct that violated the FDCPA and RFDCPA. [FAC ¶ 32-47]. Plaintiff has also adequately alleged that Defendants are "debt collectors" under both statutes. [FAC ¶ 14-26]. In applying the *Eitel* factors, the factual allegations of the complaint are taken as true, except those relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

However, further explanation is warranted as to CATER SMITH and MARCY SMITH being named in their individual and official capacity. At first blush this seems to implicate an issue with piercing the corporate veil. However, there is no veil to pierce as "all powers, rights, and privileges" of ASSISTED CREDIT SERVICES, INC. have been suspended by the State of California. [See FAC ¶ 14-16 and Exhibit 2]. Moreover, *every* district court in the Ninth Circuit to consider the issue has concluded that individual employees may be head personally liable as "debt collectors" under the FDCPA:

> The Sixth Circuit and the majority of district courts that have considered the issue, <u>including all such district courts in the Ninth Circuit</u>, have concluded that employees can be held personally liable under the FDCPA.

*Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1058-60 (C.D. Cal. 2009); *citing Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-74 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d

433, 435–38 (6th Cir.2008); *Del Campo v. Kennedy,* 491 F.Supp.2d 891, 904 (N.D.Cal.2006); *Newman v. Checkrite Cal.,* 912 F.Supp. 1354, 1372 (E.D.Cal.1995); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.,* 372 F.Supp.2d 615, 618 (D.Utah 2005); *Piper v. Portnoff Law Assocs.,* 274 F.Supp.2d 681, 689–90 (E.D.Pa.2003); *Teng v. Metro. Retail Recovery,* 851 F.Supp. 61, 67 (E.D.N.Y.1994).

Accordingly, Defendants are debt collectors and may be held liable for their violations of the FDCPA and RFDCPA.

### C. THE SUM OF MONEY AT STAKE IN THIS MATTER

In determining the fourth *Eitel* factor, whether the sum of money at stake is reasonable, the Court must consider the amount of money sought in relation to the seriousness of Defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).

Under the FDCPA, a defendant is liable for any actual damages suffered by a plaintiff as a result of the defendant's violation of the statute, as well as additional statutory damages of up to $1,000. 15 U.S.C. § 1692k(a). In determining the amount of damages to award, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Under the RFDCPA, a defendant is likewise liable for any actual damages suffered by a plaintiff as a result of the defendant's violation of the statute. Cal. Civ. Code § 1788.30(a). Additionally, defendants are similarly liable for up to $1,000 in statutory damages. Cal. Civ. Code § 1788.30(b). Statutory damages may be awarded cumulatively under both statutes. See 15 U.S.C. § 1692n; Cal. Civ. Code § 1788.32; see also *Gonzales v. Arrow Fin. Servs., LLC.,* 660 F.3d 1055, 1059 (9th Cir. 2011).

///

1  Here, Plaintiff and the Class are entitled to both statutory and actual damages *i.e*. Defendant's profits derived from its unlawful collection practices. However, Plaintiff is only seeking statutory damages in the amount of $1,000 under each statute for a total of $2,000 per class member.

An award of full statutory damages is warranted here based upon the nature and persistence of Defendants' violations. To begin, the FDCPA is a strict liability statute and thus no showing of intent is required. See *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). Second, the specific statutory provisions at issue here, 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692g, and Cal. Civ. Code § 1812.700, are central to the legislative intent and purpose of both the FDCPA and RFDCPA because they deal with disclosure of Defendants' status as a debt collector and consumers being advised of applicable statutory protections. Congress even went so far as to state that Section 1692g was considered to be a "significant feature" of the of the FDCPA designed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. REP. 95-382, 4, 1977 U.S.C.C.A.N. 1695, 1699.

The statutory disclosure requirements of the FDCPA are essential as they ensure "that consumers are fully and truthfully apprised of the facts and of their rights" which "enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1122 (9th Cir. 2014); citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). The failure of a debt collector to disclose its status and advise consumers of their rights, as Defendants have done here, "frustrate[s] a consumer's ability to intelligently choose his or her response" because they cannot invoke rights they do not know exist. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010).

1  Defendants' violations were knowing and intentional (FAC ¶ 6) and they
2  failed to disclose their status as debt collectors and similarly failed to advise
3  consumers that they could report debt collector misconduct to the Federal Trade
4  Commission so that they could continue to skirt state and federal law without
5  governmental oversight. This frustrates the FTC's ability to regulate the finance
6  and collection industry and is clearly violative of the FDCPA and RFDCPA.

7  Moreover, District Courts routinely award the full measure of statutory
8  damages in FDCPA and RFDCPA default judgments. *See Muse v. Thompson &*
9  *Assocs., PC* (E.D.Cal. Mar. 4, 2010, No. CIV S-09-2489 JAM EFB) 2010 U.S.
10 Dist. LEXIS 19596, at *13.) (awarding $2,000 in statutory damages under the
11 FDCPA and RFDCPA in a default judgment); *McBride v. Del. Solutions, LLC*
12 (E.D.Cal. Oct. 5, 2015, No. 2:15-cv-1222-MCE-KJN) 2015 U.S. Dist. LEXIS
13 135738, at *10-11.) (same); *Hartung v. J.D. Byrider, Inc.* (E.D.Cal. June 26, 2009,
14 No. 1:08-cv-00960 AWI GSA) 2009 U.S. Dist. LEXIS 54415, at *31.) (same).

15  While the damages sought are not known yet, Plaintiff requests the
16 opportunity to thresh this issue through post-judgment discovery. Plaintiff believes
17 he can ascertain the number of class members by conducting some simple post-
18 judgment discovery of Defendants' clients *i.e.* the creditors who placed accounts
19 with Defendants. This approach is proposed with the understanding that this
20 judgment will be supplemented with the amount of damages at a later date once the
21 number of class members has been ascertained.

22  In light of Defendants' flagrant violations of the FDCPA and RFDCPA,
23 providing Plaintiff and the Class Members with the full amount of statutory
24 damage amount is reasonable and just.

25 **D. THERE IS NO DISPUTE OF MATERIAL FACTS**

26  As to the fifth *Eitel* factor, courts hold there are no outstanding issues of
27 material fact when a defendant fails to appear for its lawsuit. Particularly when the
28 complaint is pled sufficiently, "no genuine dispute of material facts would preclude

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT                     PAGE 10 OF 12

granting [Plaintiff's] motion." *Pepsico*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560. That is the case here. Plaintiff has filed a complaint that properly alleges violations of the FDCPA and RFDCPA and appropriate class allegations. *Defendant has failed to appear.* There can be no issue of material fact when Defendant has not appeared in the action and simply has not contested the complaint's allegations.

### E. DEFENDANT'S FAILURE IS NOT DUE TO EXCUSABLE NEGLECT

There is no excusable neglect under the sixth *Eitel* factor. Defendants were properly served the complaint and summons exactly as required under Rule 4. [Sinnett Decl. ¶ 7-26].

In fact, Plaintiff's counsel went far beyond what is required by the Federal Rules and communicated with Defendants by phone, email and written correspondence on **nineteen (19) occasions** and Defendants' responded by knowingly and willfully refusing to respond to the Court's Summons or participate in this action in any way. [Sinnett Decl. ¶ 7-26].

This has been a pattern of conduct that Defendants have engaged in with regards to FDCPA actions in this Court. *See Baeza v. Assisted Credit Services, Inc*. No. 15-CV-01451-ODW-JCG, (C.D. Cal. September 9, 2015). There is simply no excusable neglect here.

### F. PUBLIC POLICY CONSIDERATIONS FAVORING A DECISION ON ITS MERITS

The seventh *Eitel* factor of public policy is also satisfied. Although "[c]ases should be decided upon their merits whenever reasonably possible," this is not a requirement. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Pepsico*, 238 F. Supp. at 1177 (citation omitted).

Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id. Plaintiff has no reasonable choice here but to pursue a default judgment as his only recourse.* This

element also suggests a default judgment here is proper.

## VI. CONCLUSION

Plaintiff's hands are tied, and his only available remedy is a default judgment on behalf of himself and all of the putative Class Members. Plaintiff requests that this Court approve his motion for default judgment for damages at the rate of $2,000 per class member, with the understanding that this judgment will be supplemented with the amount of damages at a later date once the number of class members has been ascertained through post judgment discovery.

Dated: April 28, 2016                              Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF