| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett (SBN: 302987) |
|   | ws@sinlegal.com |
| 3 | 444 West C Street, Suite 230 |
|   | San Diego, CA 92101 |
| 4 | Tel: (619) 752-0703 |
| 5 | Fax: (619) 330-2120 |
| 6 | *Attorney for Plaintiff,* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL YANG,** individually and on behalf of all others similarly situated, | **Case No.:** 8:15-CV-2118 AG (JCGx) |
| Plaintiff, | **CLASS ACTION** |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER APPROVING NOTICE OF CLASS CERTIFICATION** |
| **ASSISTED CREDIT SERVICES, INC.; ASSISTED CREDIT SERVICES, LLC.; ASSISTED CREDIT SERVICES,** an unincorporated business, partnership, or association; **CARTER SMITH,** individually and in his official capacity; **MARCY COOK,** individually and in her official capacity, | DATE: July 24, 2017<br>TIME: 10:00 AM<br>COURTROOM: 10D<br><br>JUDGE: Hon. Andrew J. Guilford |
| Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Through this Motion Plaintiff, MICHAEL YANG, ("Plaintiff") respectfully moves this Court for an order approving of the notice which must be given to members of this certified class action under Rule 23(c). The proposed Notice is attached to this Motion as Exhibit 1. This motion also includes proposals for the the deadline for class members to opt out of the class and for the hearings on Plaintiff's concurrent Motions for Default Judgment, Attorney's fees, Costs and Incentive Award to the Class Representative all of which are stated in the proposed Notice.

The purpose of the proposed Notice is to advise class members of the nature of this case, the upcoming Motions for Default Judgment, Attorney's Fees, Costs and Incentive Award to the Class Representative to allow class members to make an informed decision whether they would like to remain in the class, and be bound by any ruling in this case, or opt out and pursue a separate action on their own.

This is a default class action requiring notice prior to the Court entering a default judgment. Given the high stakes of class actions, defaults are rare making case law in this area almost non-existent. Given the complexity and lack of prior cases for guidance, Plaintiff has attempted to put forth a notice which is firmly rooted in Rule 23's requirement that notices be written in "plain easily understood language." Fed. R. Civ. P. 23(c)(2)(B). Plaintiff respectfully argues that the attached Notice adheres to that guidance and all other requirements of Rule 23 and should be approved by the Court.

## II. FACTS AND PROCEDURAL HISTORY

On December 20, 2015 Plaintiff, MICHAEL YANG, filed this action and on February 18, 2016, Plaintiff filed his First Amended Complaint alleging that Defendants, ASSISTED CREDIT SERVICES, INC. ("ACS INC"); ASSISTED CREDIT SERVICES, LLC. ("ACS LLC"); ASSISTED CREDIT SERVICES

("ACS"); CARTER SMITH; and MARCY COOK, (collectively as "Defendants") violated the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*. and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

Defendants acknowledged service and pendency of this case during the nineteen times Plaintiff's counsel spoke with or contacted Defendants. [ECF No. 34 at p. 2]. However, Defendants failed to answer either the initial or amended complaints and defaulted. [*Id*.]. Subsequently, the Clerk entered default against all Defendants. [ECF No. 23].

On April 28, 2016, Plaintiff sought certification of the class and a default judgment. [ECF Nos. 27, 28]. While the Court granted class certification on June 21, 2016, it very correctly observed that the Court could not enter judgment until notice had been provided to the class. [ECF No. 34 at p. 2-4]. The Court opened discovery to allow Plaintiff the opportunity to obtain the contact information of class members to provide notice. [Id.].

Plaintiff subpoenaed two non-parties, Medical Claim Management ("MCM") and Pacific Thoracic Surgery, LLC., ("PTS") who placed accounts with Defendants for the purpose of debt collection and were believed to have the class member's contact information. The subpoenas were largely ignored and Plaintiff filed two separate Motions to Compel. On February 14, 2017 and February 28, 2017, the Court granted Plaintiff's Motions to Compel the production of the class members' contact information from MCM and PTS.

MCM complied with the Court's Order but PTS refused. While Plaintiff was in the process of brining a contempt motion PTS complied and produced the class member's contact information. Plaintiff's counsel has personally reviewed the documents produced by MCM and PTS and has compiled an exhaustive final list of 153 class members which Plaintiff seeks to provide notice to prior to the Court entering judgment.

### III. LEGAL STANDARD

Rule 23(c)(2)(b) specifies the notice requirements for a class action certified under Rule 23(b)(3) *i.e.* a class action seeking monetary relief. Rule 23(c)(2)(B) states those requirements as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> 
> i. The nature of the action;
> ii. The definition of the class certified;
> iii. The class claims, issues, or defenses;
> iv. That a class member may enter an appearance through an attorney if the member so desires;
> v. That the court will exclude from the class any member who requests exclusion;
> vi. The time and manner for requesting exclusion; and
> vii. The binding effect of a class judgment on members under Rule 23(c)(3).[1]

### IV. ARGUMENT

**A. THE PROPOSED NOTICE SATISFIES ALL SEVEN REQUIREMENTS OF RULE 23(C)**

Each of the seven notice requirements are addressed in succession below followed by Plaintiff's proposal for the timing and method of delivering the notice to class members and allowing them an opportunity to opt out of the class. Plaintiff has gone to great lengths to conform the Rule 23's guidance that notices be written in "plain easily understood language." However, there little case law discussing how to deal with the strange procedural posture of this case and Plaintiff welcomes any guidance or criticism from the Court regarding how to provide the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

---

[1] Fed. R. Civ. P. 23(c)(2)(B)

### *(i) The Nature of the Action*

Rule 23(c) requires that the notice state "the nature of the action." Fed. R. Civ. P. 23(c)(2)(B). This requirement is met by Section 3 of the Notice which is entitled "What is This Case About." [Exhibit 1 at Sec. 3]. Section 3 provides a full description of the parties and claims at issue in the case as well as the procedural posture of the notice as it relates to the forthcoming Motions for Default Judgment, Attorney's Fees and Costs. The case description in Section 3 is also given context by Sections 1, 2, and 4 which inform class members why they're getting the notice, why they should read it, and why a default judgment is being sought. [Exhibit 1 at Sec. 1, 2, and 4].

### *(ii) The Definition of the Class Certified*

Rule 23(c) requires that the notice state "the definition of the class certified." Fed. R. Civ. P. 23(c)(2)(B). This requirement is met by Section 5 of the Notice which is entitled "Who is Included in the Class." [Exhibit 1 at Sec. 5]. Section 5 provides the exact definition of the class the Court certified in its Order dated July 5, 2016. [ECF. No. 36 at p. 2].

### *(iii) Class Claims, Issues, or Defenses*

Rule 23(c) requires that the notice state "the class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(2)(B). This requirement is complicated by the procedural posture of this case as Defendants have defaulted and have not raised any issues or defenses. The only real issue presented in the case is the effect of the default judgment and whether class members desire to opt out or remain in the class. Plaintiff believes that issue is adequately explained by Sections 1-6 and 9 which describe the nature of the action, the notice, the Motion for Default Judgment, and its binding effect. [Exhibit 1 at Sec. 1-6, 9].

///

///

///

### *(iv) Class Member May Enter an Appearance Though an Attorney*

Rule 23(c) requires that the notice state "that a class member may enter an appearance through an attorney if the member so desires." Fed. R. Civ. P. 23(c)(2)(B). This requirement is met by Section 8 which states that class members may appear though an attorney at the Default Judgment Hearing. [Exhibit 1 at Sec. 8].

### *(v) Class Members May Request Exclusion*

Rule 23(c) requires that the notice state "that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B). This requirement is met by Section 7 which is entitled "How Can I Exclude Myself From the Class." [Exhibit 1 at Sec. 7]. Section 7 provides a simple method for a class members to exclude themselves, they need only provide written notice to Class Counsel. Also, Section 7 isn't shrouded in legalese or complex language, the section is clearly and conspicuously labeled "How Can I Exclude Myself From the Class." [Exhibit 1 at Sec. 7].

### *(vi) Time and Manner for Requesting Exclusion*

Rule 23(c) requires that the notice state "the time and manner for requesting exclusion." Fed. R. Civ. P. 23(c)(2)(B). This requirement is met by Section 7 which is entitled "How Can I Exclude Myself From the Class." [Exhibit 1 at Sec. 7]. Again, Section 7 clearly and plainly informs class members that they can exclude themselves by sending written notice to class counsel and provides class members with sample language they can use to exclude themselves, the exclusion deadline, and Class Counsel's address. In addition to Section 7, the option and deadline for a class member to exclude themselves is prominently displayed in bold lettering on the caption page of the Notice.

### *(vii) Binding Effect of the Class Judgment*

Rule 23(c) requires that the notice state "the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). This

requirement is met by Section 9 which is entitled "What Effect Will the Default Judgment Have?" [Exhibit 1 at Sec. 9]. Section 9 clearly states the Default Judgment "will determine all claims of the class members brought against the Defendants in this case including the amount of damages awarded to class members. All class members who do not exclude themselves will be bound by this judgment and cannot later pursue the Defendants for the same claims involved in this case." [*Id.*]. Plaintiff believes that Section 9 fairly and accurately describes the binding effect of a default judgment but if any class member has further questions the Notice specifies that class members may request a *free* copy of the Motion for Default Judgment from class counsel.

**B. PROPOSED METHOD OF DELIVERING NOTICES**

If the proposed notice is approve by the Court, Class Counsel will send the notice to the 153 class members by First Class US Mail within five (5) days of the notice's approval. Providing class action notices by U.S Mail has been determined to be sufficient by this Court and the United States Supreme Court. *Sequeira Ruiz v. JCP Logistics, Inc.,* No. SACV131908JLSANX, 2016 WL 6156211, at *8 (C.D. Cal. Mar. 10, 2016) ("The Supreme Court has found **notice** by **mail** to be sufficient if the notice is "reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Sullivan v. Am. Exp. Pub. Corp.*, No. SACV 09-142-JST ANX, 2011 WL 2600702, at *8 (C.D. Cal. June 30, 2011) ("The mail will be sent to the member's last known address as identified in Defendants' records. (*Id.*) Notice by mail has been found by the Supreme Court to be sufficient..") After the Notice is sent, Class Counsel will then file a status report advising the Court of the notice's delivery.

Within fourteen (14) days of the expiration of the proposed exclusion deadline on August 31, 2017, Class Counsel will file another status report which

will detail *any* communications between class members and Class Counsel and report any members of the class who have excluded themselves.

### C. PROPOSED METHOD OF DISBURSING ANY MONETARY DAMAGES

The disbursement of any monetary damages will be addressed more thoroughly in Plaintiff's Motion for Default Judgment. However, Plaintiff would like to note that Section 11 of the Notice explicitly informs class members that no monetary damages will be disbursed without the prior approval of the Court. [Exhibit 1 at Sec. 11].

If and when any monetary damages are recovered from Defendants they will be held and distributed by a third-party claims administrator, CPT Group, and *absolutely no* money will be distributed to anyone, specifically including Class Counsel and the Class Representative, without the prior express approval of the Court.

## IV. CONCLUSION

Nearly all class certification notices are seen within the context of a class-wide settlement. There are few classes certified outside the settlement context and virtually no default judgment classes make it to the certification or notice stage due to the changes faced with obtaining class member's contact information without the benefits of a normal discovery process. As a result, Plaintiff was unable to find any even remotely similar case for guidance but believes the current proposed notice provides the "best notice that is practicable under the circumstances" and does so using "plain easily understood language" as required by Rule 23(c).

Plaintiff respectfully request the Court approve the proposed notice and alternatively welcomes any guidance or criticism as to how to provide better notice to the class.

///

///

///

| | |
|---|---|
| Dated: June 19, 2017 | Respectfully submitted, |
| | **SINNETT LAW, APC.** |
| | BY: /s/ Wayne A. Sinnett .<br>Wayne A. Sinnett, Esq.<br>ATTORNEY FOR PLAINTIFF |