| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett (SBN: 302987) |
|   | ws@sinlegal.com |
| 3 | 444 West C Street, Suite 230 |
|   | San Diego, CA 92101 |
| 4 | Tel: (619) 752-0703 |
| 5 | Fax: (619) 330-2120 |
| 6 | *Attorney for Plaintiff* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL YANG,** individually and on behalf of all others similarly situated, | **Case No.:** 8:15-CV-2118 AG (JCGx) |
| Plaintiff, | **CLASS ACTION** |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNY'S FEES, COSTS, AND INCENTIVE AWARD** |
| **ASSISTED CREDIT SERVICES, INC.; ASSISTED CREDIT SERVICES, LLC.; ASSISTED CREDIT SERVICES,** an unincorporated business, partnership, or association; **CARTER SMITH,** individually and in his official capacity; **MARCY COOK,** individually and in her official capacity, | DATE: September 25, 2017<br>TIME: 10:00 AM<br>COURTROOM: 10D<br><br>JUDGE: Hon. Andrew J. Guilford |
| Defendants. | |

## I. INTRODUCTION

This motion seeks attorney's fees and costs in the Amount of $84,320.45 and an incentive award in the amount of $10,000 for Plaintiff's service as the Class Representative over the course of the last two (2) years of litigating this case. This motion is being filed concurrently with the Motion for Default Judgment. The total sought for the Default Judgment, including the relief sought in this motion, is $400,320.35.

## II. STATEMENT OF FACTS

The factual and procedural history of this case is detailed in Plaintiff's concurrent Motion for Default Judgment. Plaintiff would only add additional facts relating to the valuation of attorney's fees. Specifically, this case was filed in December of 2015, and has been actively litigated for the last two (2) years. [ECF No. 1].

This was also a particularly unique case. Most default judgments work to the advantage of the Plaintiff but that is not the case with a class action. Without the involvement of the Defendants, Plaintiff was left to litigate class certification without the benefit of discovery. This presented extremely difficult issues, especially with respect to numerosity, which was proved with a theoretical mathematical formula based on Defendants' annual revenue (found online) and the average debt collector commission. Plaintiff's counsel is unaware of any case that certified a class in this way.

After certification, Plaintiff still needed to obtain the class members' contact information to effect notice prior to entering a default judgment. This was accomplished through a series of third-party subpoenas and fairly contentious motions to compel. [ECF Nos. 41, 46]. Even after Plaintiff prevailed in the motions to compel, the responding third-parties refused to produce the contact information of the class members, prompting numerous meet and confers regarding contempt proceedings.

The procedural posture of this case made it an uphill battle from the beginning and that was exasperated by stubborn Defendants and third-parties. The difficulty of this case is evident by the proceeding two (2) years of litigation and ten (10) motions, including amendments. In short, this was a difficult and hard-fought case with little or no guarantee of success or compensation for Plaintiff or Class Counsel. On that basis, Plaintiff respectfully contends the attorney's fees, costs, and incentive award sought by this motion are reasonable and justified.

## III. LEGAL STANDARD

The FDCPA provides that reasonable attorney's fees and costs shall be awarded to a prevailing plaintiff. 15 U.S.C. § 1692k(a)(3). "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); citing *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir.1995).

While attorney's fees in an FDCPA case are mandatory their calculation based on the "loadstar" formula is within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1339 (1983). The loadstar formula is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Id*.

## IV. ARGUMENT

### A. THE NUMBER OF HOURS EXPENDED IS REASONABLE

Class Counsel has expended a total of 206.20 hours and has provided detailed records of each hour expended. [Exhibit 1]. Each entry is annotated by detailed comments regarding what task was performed and why it was necessary. Class Counsel's time is also tracked down to the tenth of an hour for all entries. All of the time expended was reasonably necessary to bring this case to its current posture and to obtain a judgment in the class' favor. [Declaration of Wayne A. Sinnett "Sinnett Decl." at ¶ 17].

///

The reasonableness of Class Counsel's hours is also supported by the Court's docket which shows two (2) years of active litigation, numerous hearings, and <u>ten (10) motions</u>, including amendments. This is on top of initial legal research, two (2) pleadings, written discovery, third party subpoenas, and class certification including Class Counsel providing notice to the entire class.

Two hundred hours in attorney's fees is very minimal to litigate any case for two years. Add to that contested discovery motions, class certification, class notice, responding to class members' inquires, and a host of novel legal issues and two hundred hours to take a class action from pleading to judgment is very reasonable.

Moreover, "the [attorney] fee applicant bears the [initial] burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked" and then "<u>the party opposing the fee application has a burden of rebuttal</u> that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

Plaintiff has satisfied his burden with the attached Exhibits and Declarations. The burden of rebutting that evidence now falls on the Defendants. *Id*.

### B. CLASS COUNSEL'S HOURLY RATE IS REASONABLE

"In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "The prevailing market rates in the relevant community set the reasonable hourly rate for purposes of computing the lodestar amount." *Id*. "This determination involves examining the prevailing market rates in the community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 688 (N.D. Cal. 2016).

In this case, Class Counsel is seeking approval of an hourly rate of $400. This rate is equal to or lower than the "prevailing market rates in the community" as described in the United States Consumer Law Attorney Fee Survey. [Exhibit 2].

In 2013-2014, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an "attorney's years in practice, location of practice, and size of firm." [See Exhibit 2.] The attached survey supports the billing rate requested, as the average billing rate in the survey, grouped by both region and years in practice, is consistent with those rates. The survey establishes that "**85.9%** of all California consumer Law attorneys (regardless of all other factors) have a billable hourly rate *above* $325 and the *average rate* [is] $439" [See Exhibit 2 at p. 19]. The $400 rate sought here is actually *below* the average of $439 which strongly supports and award of $400 as the prevailing market rate the community.

Plaintiff has also submitted declarations from two independent attorneys who regularly litigate before this court. [Declaration Aaron M. Lloyd; and Declaration of Jared Hartman]. The Declaration of Mr. Hartman is particularly persuasive as he has personally litigated a case involving the same statutes against the exact same Defendants. *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-CV-01451-ODW-JCG, 2016 WL 3912016, at *5 (C.D. Cal. July 19, 2016).

In *Baeza*, the Court awarded Mr. Hartman attorney's fees in the amount of $349.00 per hour specifically within the context of an FDCPA default judgment against Assisted Credit Services; however, the Court noted the rate awarded was based upon "the rates charged in the community and…the complexity of the legal and factual issues and procedural posture of the case." *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-CV-01451-ODW-JCG, 2016 WL 3912016, at *5 (C.D. Cal. July 19, 2016).

///

///

Here, Class Counsel seeks approval of a $400 rate which is a modest increase of $51 from that awarded in *Baeza*. Mr. Hartman, who served as Plaintiff's counsel in *Baeza*, states in his declaration that he believes this slight increase is warranted based upon the complexity and novel issues of this case. [Declaration of Jared Hartman "Hartman Decl." at ¶ 5].

The complexity and procedural posture of this case, as compared to *Baeza*, supports an hourly rate of $400. *Beaza* was an individual case which lasted approximately ten (10) months as opposed to this case which has been pending for approximately twice as long. This case is also far more complex based on many novel issues presented by a default judgment class action. Plaintiff therefore respectfully contends the declarations of Mr. Hartman and Mr. Lloyd further establish the rate of $400 as reasonable for this case.

The rate sought is also supported by "reasonably comparable skill, experience, and reputation" of Class Counsel. *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 688 (N.D. Cal. 2016). Class Counsel has litigated over forty (40) cases, on an individual and class action basis, under the: The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, et seq., The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, et seq., and similar consumer protection statutes. [Sinnett Decl. at ¶ 2]. Class Counsel also sits on multiple committees with the Federal Bar Association ("FBA"), has had an article relating to class action practice published by the FBA, and has lectured on consumer law and class actions at law schools and universities. [Sinnett Decl. at ¶ 5, 7].

Class Counsel's "skill, experience, and reputation" dictate a rate of $400 is comparable with similar attorneys in FDCPA class actions. *Brown v. Mandarich Law Grp., LLP*, No. 13-CV-04703-JSC, 2014 WL 1340211, at *2 (N.D. Cal. Apr. 2, 2014), adhered to on reconsideration, No. 13-CV-04703-JSC, 2014 WL 2860631 (N.D. Cal. June 23, 2014) (awarding attorney's fees in the amount of

$450 in an FDCPA action); *Rivera v. Portfolio Recovery Assocs., LLC*, No. C 13-2322 MEJ, 2013 WL 5311525, at *3 (N.D. Cal. Sept. 23, 2013) (awarding attorney's fees in the amount of $450 in an FDCPA action); (*Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 688 (N.D. Cal. 2016) (awarding attorney's fees in the amount of $400 in and FDCPA class action); Gonzalez v. Dynamic Recovery Sols., LLC, No. 14-CIV-20933, 2015 WL 738329, at *4 (S.D. Fla. Feb. 23, 2015) (awarding attorney's fees in the amount of $400 in and FDCPA class action).

Accordingly, Plaintiff' respectfully contents an hourly rate of $400 is reasonable and commiserate with awards in similar FDCPA class actions.

## C. THE INCENTIVE AWARD IS REASONABLE

"Incentive awards are fairly typical in class action cases*." Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). "Such awards are discretionary… and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id*.

"Whether to authorize an incentive payment to a class representative is a matter within the court's discretion. The criteria courts consider in determining whether to approve an incentive award include: 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation[;] and[ ] 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); citing *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 299 (N.D.Cal.1995).

Here, the named Plaintiff is seeking an incentive award of $10,000 which is reasonable based on his participation and sacrifice in this case. First, the incentive award will in no way effect the recovery of any other class member. Second, Mr. Yang didn't simply lend his name to this case, he put the interests of the class above his own personal and financial interests for years.

Specifically, this case was initially filed in December of 2015 and Defendants were in default in January of 2016. If this were an individual case Mr. Yang could have simply requested a default judgment in January of 2016 and enforced his judgment two years ago. Instead of doing that, Plaintiff and Class Counsel have labored for the last two (2) years solely for the purposes of obtaining relief for the class. The "amount of time and effort spent by the class representative" and "the duration of the litigation" therefore weigh heavily in favor of Mr. Yang's incentive award.

The award is also consistent with other consumer class actions. *Prater v. Medicredit, Inc.*, No. 4:14-CV-00159-ERW, 2015 WL 8331602, at *4 (E.D. Mo. Dec. 7, 2015) (Awarding a $20,000 incentive award in a TCPA class action); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *3 (E.D. Mich. Jan. 14, 2015) (Awarding a $3,000 incentive award in a FDCPA class action); *McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2016 WL 6208633, at *3 (S.D. Miss. Oct. 20, 2016) (same).

Plaintiff, therefore respectfully contends an incentive award of $10,000 is reasonable in this case based upon the duration of this case and Plaintiff's forgoing his own recovery for two (2) years.

## VI. CONCLUSION

Plaintiff and Class Counsel have fought vigorously in this case against the backdrop of an unforgiving procedural posture and uncooperative Defendants and third-parties and respectfully contend that that attorney's fees, costs, and incentive award sought by this motion are fair and reasonable within the contest of this case.

| | |
|---|---|
| Dated: August 28, 2017 | Respectfully submitted, |
| | **SINNETT LAW, APC.** |
| | BY: /s/ Wayne A. Sinnett . |
| | WAYNE A. SINNETT, ESQ. |
| | ATTORNEY FOR PLAINTIFF |